STATE OF WISCONSIN     CIRCUIT COURT     KENOSHA COUNTY

ROBERT KRIEN and GERI KRIEN
Husband and Wife
195 Beth Court
Burlington, WI 53105;

Case No. 10-CV-10CV2200

Plaintiffs,

Case Code 30107

**BRUCE E. SCHROEDER**
Hon.    Circuit Judge Branch 3

ZURICH AMERICAN INSURANCE COMPANY
1400 American Lane Tower 1 Floor 19
Schaumburg, IL 60196;

Subrogated Plaintiff,

v.

**FILED**

HARSCO CORPORATION
1209 Orange Street
Wilmington, DE 19801;

OCT - 6 2010

REBECCA MATOSKA-MENTINK
CLERK OF CIRCUIT COURT

Defendant.

## SUMMONS

THE STATE OF WISCONSIN
TO EACH PERSON NAMED ABOVE AS A DEFENDANT:

    YOU ARE HEREBY notified that the plaintiffs named above have filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

    Within 45 days of receiving this summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is 912 56 Street, Kenosha, Wisconsin 53140, and to GAGLIARDI LAW LLP plaintiffs' attorneys, whose address is 24414 75th Street, Salem, Wisconsin, 53168. You may have an attorney help or represent you.

    If you do not provide a proper answer within the 45 days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may

1



be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 21st day of September, 2010.

GAGLIARDI LAW LLP

By: _____
Paul Gagliardi
A Member of the Firm
State Bar No. 01000629

24414 75 Street
Salem, WI 53168
(262) 843-3400
(262) 843-3147 FAX

2

| ROBERT KRIEN ET AL<br>Plaintiff(s)<br><br>Vs.<br><br>HARSCO CORPORATION<br>Defendant(s) | CONFERENCE ORDER<br>AND NOTICE OF<br>SCHEDULING<br>CONFERENCE<br><br>Case No.:10CV2200<br>Judge Bruce E. Schroeder | FILED<br>OCT - 6 2010<br>REBECCA MATOSKA-MENTINK<br>CLERK OF CIRCUIT COURT |

COPY

| This case is scheduled for: | Scheduling Conference pursuant to Sec. 802.10(3) Stats. |
|---|---|
| DATE: | Thursday, February 17, 2011 |
| TIME: | 9:20 AM |
| COURT OFFICIAL: | Bruce E. Schroeder |
| LOCATION: | Room:209 Kenosha County Courthouse<br>912 56th Street, Kenosha, WI 53140 |

**THE COURT ORDERS:**

1. The plaintiff shall serve this notice upon all defendants to this action and provide proof of service to the court. Any party in this case who causes another party to be joined shall serve this notice upon the joined party and provide proof of service to the court.

2. All plaintiffs and defendants named in this case shall appear either in person **OR** by attorney of record. Under Wisconsin law, a corporation may appear in court only by an attorney. **PARTIES MAY APPEAR BY PHONE FOR THE SCHEDULING CONFERENCE. THE CONFERENCE CALL IS TO BE ARRANGED BETWEEN THE PARTIES BEFORE THE COURT IS CALLED ON THE ABOVE DATE AND TIME. THE NUMBER TO CALL IS 262-653-2401. PARTIES APPEARING BY PHONE SHALL PROVIDE AN EMAIL ADDRESS TO THE COURT CLERK, TAMI.LEMA@WICOURTS.GOV, TO ENSURE RECEIPT OF SCHEDULING ORDER.**

3. Upon failure of any party to comply with this order, the court may enter an order pursuant to Sec. 805.03 and 804.12, Stats., which may include a finding of contempt of court and entry of a default judgment against the offending party.

4. If you intend to challenge the allegations by the plaintiff in the complaint, you must file a written Answer within the number of days specified on the summons. If you do not file such an Answer, you do not have to appear at the above date and time, but judgment may be granted against you, without further notice.

Dated : October 6, 2010

☒ **JUDGE BRUCE E. SCHROEDER**
Circuit Court Judge, Branch 3

| STATE OF WISCONSIN | CIRCUIT COURT | KENOSHA COUNTY |

ROBERT KRIEN and GERI KRIEN,
Husband and Wife,

    Plaintiffs,

ZURICH AMERICAN INSURANCE COMPANY

    Subrogated Plaintiff,

v.

HARSCO CORPORATION,

    Defendant.

Case No. 10-CV 10CV2200

Case Code 30107

Hon. **BRUCE E. SCHROEDER**
Circuit Judge Branch 3

**FILED**

OCT − 6 2010

REBECCA MATOSKA-MENTINK
CLERK OF CIRCUIT COURT

**COMPLAINT**

---

NOW COMES the above-named plaintiffs, by their attorneys, GAGLIARDI LAW LLP, and complain against the above-named defendant as follows:

1. That the plaintiffs, Robert and Geri Krien, hereinafter referred to as "Krien", are adult residents of the City of Burlington, County of Racine, State of Wisconsin, residing at 195 Beth Court.

2. That the defendant, Harsco Corporation, is a foreign corporation with principal offices located at 1209 Orange Street, Wilmington, Delaware, and is in the business, among other things, of manufacturing and providing scaffolding for construction sites in the State of Wisconsin. Harsco Corporation is also known as Patent Construction Systems-Harsco Corporation with offices located at 135 E. Pittsburgh Avenue, Milwaukee, Wisconsin. Defendant, Harsco Corporation, will hereinafter be referred to as "Patent".

1



3. That the involuntary plaintiff, Zurich American Insurance Company, is a foreign insurance corporation with offices located at 1400 American Lane Tower 1 Floor 19, Schaumburg, Illinois, and is in the business, among other things, of providing medical and indemnity insurance for residents in the State of Wisconsin.

## RELEVANT FACTS

4. On or about April 16, 2009, Krien was employed by Riley Construction as a mason on the United Hospital construction project located at 9950 76th Street, Kenosha County, Wisconsin.

5. Patent supplied the scaffolding, including the wooden cross planks, for the United Hospital construction project described above.

6. A defective cross plank supplied by Patent failed causing Krien to fall to the ground severely injuring himself.

## CAUSE OF ACTION FOR NEGLIGENCE

7. Plaintiffs realleges paragraphs 1 through 6 above as though fully set forth herein.

8. That Patent was negligent in providing safe scaffolding on which Krien could safely stand while performing his work duties as a mason on April 16, 2009, at the United Hospital construction site.

9. That Patent's negligence was a cause of serious personal injury to Krien including but not limited to pain and suffering, medical expenses, and loss of earnings.

## CAUSE OF ACTION FOR STRICT LIABILITY

10. Plaintiffs realleges paragraphs 1 through 9 above as though fully set forth herein.

11. That Patent provided a defective product in the form of a scaffold plank which was unreasonably dangerous to the ultimate user, Krien, on or about April 16, 2009, at the United

2

Hospital construction project in Kenosha County, Wisconsin.

12. That the defective plank as described above was in a defective condition when it left the possession of Patent.

13. That the defective plank as described above was a cause (substantial factor) of Krien's serious injuries and damages as set forth above.

14. That Patent is in the business of providing, leasing and/or selling scaffolding to users such as Krien.

15. That the above described scaffolding plank was a product that Patent expected to and did reach the user, Krien, without substantial change from the time it was delivered/leased by Patent.

## CAUSE OF ACTION FOR LOSS OF CONSORTIUM

16. Plaintiffs realleges paragraphs 1 though 15 as though fully set forth herein.

17. That the plaintiff, Geri Krien, was and is the wife of the plaintiff, Robert Krien, and she has suffered a loss of consortium as a result of the negligence of the defendant, Patent, as described above and will continue to suffer loss of society and companionship of her husband into the future.

WHEREFORE, plaintiffs demand judgment against defendant as follows:

A. For a reasonable sum of money to be awarded by a jury of plaintiff's peers for personal injuries.

B. For a reasonable sum of money to be awarded by a jury of the plaintiff's peers for loss of consortium.

C. That all subrogation claims are extinguished.

D. For the costs and disbursements of this action.

E. For reasonable attorneys fees.

3

F. For whatever other relief the court deems just and equitable under the circumstances.

**PLAINTIFF HEREBY DEMANDS TRIAL BY TWELVE-PERSON JURY**

Dated this 21st day of September, 2010.

GAGLIARDI LAW LLP
Attorneys for Plaintiffs

By: _____
Paul Gagliardi, State Bar No. 01000629

24414 75 Street
Salem, WI 53168
(262) 843-3400
(262) 843-3147 FAX

4