# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ROBERT KRIEN, et al.,**
        Plaintiffs,

    v.                                   Case No. 10-CV-01004

**HARSCO CORPORATION,**
        Defendant,
        and Third-Party Plaintiff,

    v.

**RILEY CONSTRUCTION COMPANY, INC.,**
        Third-Party Defendant.

---

## DECISION AND ORDER

Riley Construction Company, Inc. ("Riley") was the general contractor on a construction project in Kenosha, Wisconsin. Riley engaged the Harsco Corporation ("Harsco") as a subcontractor to provide temporary scaffolding. Riley employee, Robert Krien, was injured when a wooden plank on one of Harsco's scaffolds broke. Harsco had not installed the plank, a Riley employee had, but Harsco allegedly supplied it. After receiving worker's compensation benefits from Riley's insurer, Krien brought this diversity action against Harsco asserting negligence and strict liability theories. Harsco settled Krien's claims for $900,000 and asserted a third-party claim against Riley seeking indemnification for the sum it paid Krien plus its costs and fees. I have supplemental jurisdiction over Harsco's claim. Before me now are Harsco's and Riley's cross motions for

summary judgment.[1]

To resolve the parties' motions, I must construe the contract between Riley and Harsco. The contract is a form subcontractor agreement that the parties edited. Section 4.8 in Article 4 of the agreement provides as follows:

> If Riley Construction or any of its agents, employees or suppliers utilize any of [Harsco's] equipment, including . . . scaffolding . . . owned, leased or under the control of [Harsco], Riley Construction shall defend, indemnify and be liable to [Harsco] as provided in Article 9 for any loss or damage (including bodily injury or death) which may arise from such use, except to the extent that such loss or damage is caused by the negligence of [Harsco's] employees operating [Harsco's] equipment.

(Standard Form Agreement Between Riley Construction & Contractor § 4.8, ECF No. 8-1.) Section 3.25 of the contract mirrors § 4.8 using identical language to require Harsco to defend and indemnify Riley "as provided in Article 9" for damages arising from Harsco's use of Riley's equipment. (*Id.* § 3.25.)

Article 9 is titled "Indemnity, Insurance and Waiver of Subrogation," but the parties crossed out all language regarding indemnification. Article 9 does, however, incorporate Exhibit A by reference. Exhibit A provides:

> To the fullest extent permitted by Law, [Harsco] shall indemnify, defend, protect and hold harmless Riley Construction Company, Inc. . . . from and against any and all liabilities, injuries, claims, demands, damages, loss, costs and expenses including but not limited to, reasonable attorney's fees . . . to the extent caused or alleged to be caused in whole or in part by the negligent acts or omissions of

---

[1] Harsco asks me to disregard Riley's motion for summary judgment because it was incorporated into Riley's brief in opposition to Harsco's motion and not filed separately. I will deny this request because I asked the parties to combine their briefs in opposition to their opponent's motion with their briefs in support of their own motion to avoid repetition. Both parties were notified of this procedure in advance and Harsco had the chance to fully respond to Riley's arguments. *See also* Fed. R. Civ. P. 56(f) (allowing a court to enter summary judgment in favor of a nonmovant if it provides the moving party with "notice and a reasonable time to respond").

2

> [Harsco] . . . regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder.

(*Id.* Ex. A § I.1.) Exhibit A further provides that "the Indemnification obligations of this provision shall not be limited in any way by a limitation of the amount or type of damages, compensation, or benefits payable by or for [Harsco] under worker's compensation acts . . . ." (*Id.* Ex. A § I.2.)

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, I view the evidence in the light most favorable to the non-moving party and may grant the motion only if no reasonable juror could find for plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986). The parties' contract is governed by Wisconsin law. (Standard Form Agreement § 12.1 ("This Agreement shall be governed by the law in effect at the location of the Project.").) Under Wisconsin law, the interpretation of a contract presents a question of law. *Estate of Kriefall v. Sizzler USA Franchise, Inc.*, 342 Wis. 2d 29, 45 (2012). And the goal of contract interpretation is to ascertain the parties' intentions by giving the language used in the contract its "plain and ordinary meaning." *Town & Bank v. City Real Estate Development, LLC*, 330 Wis. 2d 340, 358 (2010). If the language of the contract is unambiguous, it controls. *Danbeck v. Am. Family Mut. Ins. Co.*, 245 Wis. 2d 186, 193 (2001).

Although Krien's injury arose out of Riley's use of Harsco's scaffolding, Riley objects to indemnifying Harsco on two grounds: first, Krien accused Harsco of being negligent, and the contract does not require Riley to indemnify Harsco for damages caused by Harsco's negligence; second, even if Riley's negligence contributed to Krien's injury, Wisconsin's

3

worker's compensation laws protect Riley from a claim for contribution. An indemnification agreement will not be construed to require indemnification for damages caused by a party's own negligence unless it is clear that "the purpose and unmistakable intent of the parties" was to cover losses caused by the indemnitee's own conduct. *Dykstra v. Arthur G. McKee & Co.*, 100 Wis. 2d 120, 124–25 (1981) (quoting *Spivey v. Great Atlantic & Pacific Tea Co.*, 79 Wis. 2d 58, 63–64 (1977)). Since § I.1 of Exhibit A expressly requires Harsco to indemnify Riley for damages caused by Harsco's negligence, the parties clearly did not intend that Riley indemnify Harsco for such damages. The contract unambiguously provides that Harsco is to be liable for its own wrongdoing. Therefore, Riley is not liable for Krien's injury to the extent that it was caused by Harsco's negligence.

Harsco argues that, even if it is responsible for its negligent acts, Riley nevertheless must cover the damages related to Krien's strict liability claim because that claim does not require proof of negligence. A strict liability claim, however, is a type of negligence claim. A defendant is strictly liable whenever it sells an unreasonably dangerous product because there is a presumption of negligence. The defendant is considered "negligent as a matter of law." *See Dippel v. Sciano*, 37 Wis. 2d 443, 464 (1967) (Hallows, J. concurring) (quoted with approval in *Howes v. Hansen*, 56 wis. 2d 247, 252 (1972)); *see also Deminsky v. Arlington Plastics Machinery*, 259 Wis. 2d 587, 603–06 (2003) (applying the holding in *Dykstra* to a case involving a claim of strict liability). Thus, even if Harsco was strictly liable to Krien, Riley need not reimburse Harsco for the damages arising therefrom.

What if Krien's damages were caused in part by Riley's negligence? Harsco seeks contribution from Riley because it claims Riley's employees negligently installed the

4

defective plank without inspecting it. Ordinarily, Wisconsin's worker's compensation laws prohibit a third-party tortfeasor, like Harsco, from seeking contribution from a negligent employer who has paid worker's compensation benefits to an injured employee. *See* Wis. Stat. § 102.03(2); *see also Mulder v. Acme-Cleveland Corp.*, 95 Wis. 2d 173, 177–78 (1980). An employer can, however, waive its statutory immunity by entering into an indemnification agreement. *Larsen v. J.I. Case Co.*, 37 Wis. 2d 516, 520 (1968). In the present case, Riley did not waive its statutory immunity. Although §§ 3.25 and 4.8 could conceivably be read as impliedly waiving each party's statutory immunity whenever damages arise from their use of the other's equipment, the parties did not intend that the provisions be read in this way. This is made clear by § I.2 of Exhibit A which expressly waives Harsco's immunity under "worker's compensation acts." If § 3.25 and the much broader indemnification language in § I.1 of Exhibit A are read as impliedly waiving Harsco's immunity, then § I.2 is redundant. Thus, § 3.25 does not waive Harsco's immunity under worker's compensation laws and § 4.8, which contains identical language, does not waive Riley's. This construction gives reasonable meaning to every provision of the contract. *See Maas by Grant v. Ziegler*, 172 Wis. 2d 70, 79 (1992) *(*"A construction which gives reasonable meaning to every provision of a contract is preferable to one leaving part of the language useless or meaningless."); *see also Koenings v. Joseph Schlitz Brewing Co.*, 126 Wis. 2d 349, 366 (1985) ("[A]n agreement should be given a reasonable meaning so that no part of the contract is surplusage."). As a result, Riley's liability for Krien's injury is limited to the amount due under worker's compensation.

**THEREFORE, IT IS ORDERED** that third-party plaintiff Harsco Corporation's motion

for summary judgment is **DENIED**, and third-party defendant Riley Construction Company, Inc.'s motion for summary judgment is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 14th day of May 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge